PER CURIAM.
We reverse that part of the trial court’s final judgment which denied David L. Robertson (Husband) a special equity in the parties’ marital home. We affirm as to the remaining points on appeal and cross-appeal.
Although the parties held the marital home as tenants by the entirety, they stipulated that the husband paid the entire purchase price of the marital home from his premarital assets. When a party proves that all of the consideration for property held as tenants by the entirety has been supplied by that party from a source clearly unconnected with the marital relationship, that party should be awarded the property as a special equity unless the other party proves that a gift was intended. Ball v. Ball, 335 So.2d 5 (Fla.1976). The party disputing the existence of a special equity has the burden of proving the other party’s donative intent. Johnson v. Johnson, 454 So.2d 797 (Fla. 4th DCA 1984). Thus, in the instant case the wife/appel-lee/Joan T. Robertson (“Wife”) has the burden of proving “that a gift was intended at the time the property was placed in the joint names” of the husband and wife. Laws v. Laws, 364 So.2d 798, 801 (Fla. 4th DCA 1978).
The record fails to reflect that the wife proved the husband’s donative intent at the time the marital home was jointly titled. Therefore, because the trial court’s ruling that the husband intended to give the wife a one-half interest in the marital home is not “supported by competent substantial evidence,” Farah v. Farah, 424 So.2d 960 (Fla. 3d DCA 1983), we reverse that part of *853 the final judgment which denies the husband a special equity in the marital home.
REVERSED AND REMANDED.
DELL, WALDEN and GUNTHER, JJ., concur.