593 So.2d 491 (1991)
Joan T. ROBERTSON, Petitioner,
v.
David L. ROBERTSON, Respondent.
No. 77236.
Supreme Court of Florida.
December 5, 1991.
Rehearing Denied March 9, 1992.
*492 William G. Crawford, Jr. of McDonald & Crawford, P.A., Fort Lauderdale, for petitioner.
Alan R. Burton of Burton & Burton, Fort Lauderdale, for respondent.
PER CURIAM.
We review Robertson v. Robertson, 569 So.2d 852 (Fla. 4th DCA 1990), because of its conflict with Straley v. Frank, 15 F.L.W. 2564 (Fla. 2d DCA Oct. 11, 1990). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
The dispute in this dissolution proceeding concerns the disposition of the marital home. The home was bought with the husband's money within three months after the parties were married in 1985. Title to the home was taken as tenants by the entireties. The husband testified that he did not intend to make a gift to the wife of any interest in the property. The wife assumed that the home would be owned by both of them but admitted that there was no specific discussion between them on the subject. She testified that her husband told the real estate broker that title to the property should be in both names.
The final judgment of dissolution stated in pertinent part:
The Petitioner, DAVID L. ROBERTSON, claims a special equity in the marital residence and furnishings located at 5555 Bayview Drive, Fort Lauderdale, Florida. The Petitioner shows that he purchased the marital home with his pre-marriage funds, however, the Court finds that the Petitioner created a gift to the Respondent of the described marital residence and the furnishings. The greater weight of the evidence supports the finding of an intended and completed gift of the marital residence and furnishings. The Deposit Receipt and Contract for Sale and Purchase of said marital residence, Respondent's Exhibit No. 1, shows that both parties signed and both parties' names appeared on the Purchase-Sale Agreement. Further, both the Petitioner, DAVID L. ROBERTSON, and the Respondent, JOAN T. ROBERTSON, his wife, appeared as the named grantees on the Warranty Deed, Respondent's Exhibit No. 2. In his Last Will and Testament, DAVID LEE ROBERTSON, SR., provided as follows:
"Jointly owned properties shall remain the property of my wife, JOAN T. ROBERTSON"
The marital residence appears to be the only jointly owned real estate that the parties ever owned, so it appears that the Petitioner's intent that this jointly owned and titled marital residence was to remain the property of JOAN T. ROBERTSON. Further, the evidence does not show any other intention but that of joint ownership of the marital residence until the Petitioner filed for a dissolution of the marriage and then asserted a special equity.

*493 The Court finds that the described marital residence and furnishings is joint property of the parties.
The district court of appeal reversed that portion of the judgment which denied the husband a special equity in the marital home. Citing Ball v. Ball, 335 So.2d 5 (Fla. 1976), the court stated that because the home was purchased with the husband's money, the wife had the burden of proving that the husband intended to make a gift to the wife. The court held that the record failed to reflect that the wife proved the husband's donative intent at the time the home was jointly titled.
In Ball, this Court said:
[W]e hold that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended.
335 So.2d at 7 (footnote omitted).
An issue similar to that presented in the instant case arose in Straley v. Frank, 15 F.L.W. 2564 (Fla. 2d DCA Oct. 11, 1990). In that case, judges of the Fifth District Court of Appeal, sitting as the Second District Court of Appeal, stated:
Further, we note that section 61.075(3)(a)5 specifically provides:
All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
This section appears to undo the "no gift" presumption evolved by Ball v. Ball, 335 So.2d 5 (Fla. 1976); and returns the state of Florida's law on this point back to where it was in Davis v. Davis, 282 So.2d 655 (Fla. 4th DCA 1973) and Tiffany v. Tiffany, 305 So.2d 798 (Fla. 4th DCA 1975). Under this statute, the donor spouse has the burden of proving no gift was intended. We easily conclude that Mark failed to carry the burden of proof on this issue.
15 F.L.W. at 2564-65 (footnote omitted).
The predicate for our jurisdiction in the instant case is its conflict with the foregoing statement in Straley. Subsequently, however, the judges of the Fifth District Court of Appeal, sitting en banc as the Second District Court of Appeal, repudiated the panel decision and held that the enactment of section 61.075(3)(a)5, Florida Statutes (1989), did not change the principle of Ball. Straley v. Frank, 585 So.2d 334 (Fla. 2d DCA 1991). Notwithstanding the fact that there is no longer a conflict of decisions in the district courts of appeal, having accepted jurisdiction when there was a conflict, we have agreed to render a decision in this case because of the important issue involved.
Section 61.075, Florida Statutes (1989), created a statutory form of equitable distribution. The statute has been said to be a codification of existing case law. See Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988). While this is largely true, there appear to be some modifications. Under the statute, the parties' assets are to be divided into two categories: (1) marital assets and liabilities and (2) nonmarital assets and liabilities. The statute defines assets and liabilities falling within each of these categories and establishes certain presumptions to assist in categorizing each asset and liability. The court then divides the marital assets and liabilities between the spouses. Because equitable distribution is premised on the theory of an equal partnership in marriage, the court should begin this task on the premise that each spouse is entitled to receive an equal division. However, the court is directed to distribute the marital assets and liabilities "in such proportions as are equitable" after considering various enumerated factors as well as any other factors "necessary to do equity and justice between the parties." § 61.075(1), Fla. Stat. (1989).
*494 As we read it, section 61.075(3)(a)5 preempted the principle established in Ball. Under Ball, despite the fact that property was held as tenants by the entireties, when a spouse demonstrated that he or she had paid for the property from a source unconnected with the marriage, that spouse was entitled to a special equity in the property unless the other spouse could prove that a gift was intended. In contrast, the statute creates a presumption that entireties real estate is marital property regardless of who paid for it. The party claiming a special equity and seeking to have the property declared a nonmarital asset now has the burden of overcoming this presumption by proving that a gift was not intended. At least two commentators on the new statute have reached the same conclusion. Thus, 2 Florida Family Law (MB) § 34.24 (Mar. 1990) states:
§ 34.24 Effect of 1988 Statute
One important difference between case law and the statute is the treatment of real estate that is held by the parties as tenants by the entireties. The statute provides that the conveyance of premarital real estate to entireties ownership changes the character of the premarital property and creates a presumption that the parties intended the property to be subject to equitable distribution on divorce. In contrast, Ball v. Ball and subsequent cases held that once a spouse proved that property was originally nonmarital, a presumption arose that the property remained nonmarital, unless the other spouse could show that a gift was intended. Thus, the 1988 statute has shifted the burden of proof by creating a presumption that property transferred to a tenancy by the entireties is marital, regardless of its original acquisition. It is up to the spouse who claims a special equity interest to prove that a gift of that interest was not intended.
(Footnotes omitted.) See also 3 Fla.Fam. L.Rep. (MB) 219-20 (Sept. 1988).
In this case, the trial judge ruled for the wife without regard to the effect of the new statute. However, it is unnecessary for us to decide whether the evidence supports the conclusion that a gift was intended because this suit was filed after October 1, 1988, the date upon which section 61.075 became effective. Therefore, the husband had the burden to prove no gift was intended. Clearly, there is ample support in this record for the conclusion that the husband did not meet his statutory burden of proving a special equity.
We quash the decision below and remand the case for reinstatement of the judgment of the trial court. We disapprove Straley v. Frank, 585 So.2d 334 (Fla. 2d DCA 1991), to the extent that it conflicts with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
GRIMES, J., recused.