613 So.2d 511 (1993)
John S. HOLMES, Appellant,
v.
Terese L. HOLMES, Appellee.
No. 91-2584.
District Court of Appeal of Florida, Third District.
January 19, 1993.
Rehearing Denied March 16, 1993.
*512 Edward C. Vining, Jr., Miami, for appellant.
Joseph T. Woodward, Coral Gables, for appellee.
Before COPE, LEVY and GERSTEN, JJ.
COPE, Judge.
John S. Holmes appeals a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The husband first asserts that he should have been allocated a greater share of the value of the marital home. He contends that the trial court erred in its application of the equitable distribution statute, section 61.075, Florida Statutes (1991).
In the present case the wife, Terese L. Holmes, had entered into a contract for the purchase of a home approximately six months prior to the parties' marriage. The wife provided the entire down payment, consisting of $21,600 she derived from the sale of her previous residence. The wife also obtained a mortgage loan in the amount of $40,000 from her parents, on which the wife was solely responsible.
The closing on the purchase of the residence occurred several days after the parties were married. The wife took title in her maiden name. The husband attended the closing, but his name does not appear on the deed, mortgage, or closing documents.
Soon thereafter, the wife executed a deed to place title to the residence in the parties' joint names as tenants by the entireties. The wife testified at trial that she did this under duress. She stated that shortly after she executed the deed, she informed the husband that she refused to record it because she did not want the husband's name on the title to the property. The deed was never recorded. Approximately nine years later, at around the time of the marital breakup, the wife tore up the deed.
During the course of the marriage, both parties contributed from their earnings toward the payoff of the mortgage. The mortgage balance had been reduced from $40,000 to approximately $1,900 at the time of the final hearing.
During the dissolution proceedings, the husband asserted that because the home had been acquired during the marriage it was marital property. The husband requested that the home be sold and that the *513 proceeds be divided. Significantly for purposes of the present appeal, the husband took the position below that the wife was entitled to a special equity in the amount of $21,600, which was the down payment the wife contributed from her separate premarital funds.
The wife argued below that the home was entirely her separate property and was not marital property. She contended that this was so because she had contracted to purchase the property prior to the marriage. She argued that the date of closing was irrelevant. She also argued that the execution of the deed creating the tenancy by the entireties was done under duress and that no gift to the husband was ever accomplished thereby.
The trial court found that the wife was entitled to a special equity in the home in the amount of $21,600. The court decreed that the wife would be the sole owner of the marital residence. In this connection, it should be noted that the wife was designated the primary custodial parent for the parties' two children, so that the children would also reside primarily at the marital home. The trial court also ordered "that the Husband shall have an interest in the proceeds of the sale of the home equal to $20,000 as and for alimony by the Wife to the Husband. See Ingram v. Ingram, 379 So.2d 955 [(Fla. 1980)]." The final judgment did not, however, specify a date on which the marital home was to be sold.
The wife's initial contention below was that the marital residence was her separate property and that the husband had no interest therein. That argument was entirely without merit. Under the equitable distribution statute, a marital asset is, among other things, an asset "acquired ... during the marriage, individually by either spouse or jointly by them... ." § 61.075(5)(a)(1), Fla. Stat. (1991) (emphasis added). Here, the closing for the purchase of the residence took place several days after the parties had been married. Under the statute, the marital home is indisputably a marital asset, notwithstanding that the wife took title in her name only.[*]
Several months after the final judgment, the Florida Supreme Court decided Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). Robertson held that under the equitable distribution statute, special rules apply where real property is held as a tenancy by the entireties. The 1988 equitable distribution statute "... `has shifted the burden of proof by creating a presumption that property transferred to a tenancy by the entireties is marital, regardless of its original acquisition. It is up to the spouse who claims a special equity interest to prove that a gift of that interest was not intended.'" Id. at 494 (citation omitted).
In light of Robertson the husband argues that the deed executed by the wife was valid and effective to create a tenancy by the entireties. He further argues that there was a gift of the wife's special equity interest when the tenancy by the entireties was created. He therefore argues that the judgment must be reversed insofar as it allocated a $21,600 special equity to the wife.
We disagree that reversal is required on this point. The focus of the testimony below was whether or not the marital home was a marital asset subject to equitable distribution. The husband's position was that the home was a marital asset and that he was entitled to equitable distribution of a share therein.
However, the husband's position at trial also was that the wife was entitled to a $21,600 special equity, representing the amount of her separate assets which had been used for the down payment on the home. That being so, we do not disturb the portion of the final judgment which set aside the special equity to the wife.
The trial court agreed with the husband's position that the husband was entitled to a share of the value of the home. The court structured this as a $20,000 lump-sum payment to be made at such time as the marital home is sold. A lump-sum *514 payment is a permissible option under the statute. § 61.075(9), Fla. Stat. (1991).
The husband complains, however, that although the judgment provides that he is to receive payment of his interest at the time the home is sold, the judgment contains no requirement that the home ever be sold. Under the equitable distribution statute, the trial court has discretion to fashion a decree in light of the
desirability of retaining the marital home as a residence for any dependent child of the marriage, or any other party, when it would be equitable to do so, it is in the best interest of the child or that party, and it is financially feasible for the parties to maintain the residence until the child is emancipated or until exclusive possession is otherwise terminated by a court of competent jurisdiction. In making this determination, the court shall first determine if it would be in the best interest of the dependent child to remain in the marital home; and, if not, whether other equities would be served by giving any other party exclusive use and possession of the marital home.
§ 61.075(1)(h), Fla. Stat. (1991).
In the present case the youngest child is ten years old, and the apparent objective of the trial court was to give the former wife exclusive possession of the residence until the child reaches the age of eighteen. Assuming we have correctly interpreted the trial court's intent, the judgment should specifically so provide. If we have misunderstood the intent of the trial court, we note that the equitable distribution statute allows the trial court the discretion to fashion the award in accordance with "[a]ny other factors necessary to do equity and justice between the parties." Id. § 61.075(1)(i); see also Robertson v. Robertson, 593 So.2d at 493.
The equitable distribution portion of the judgment relating to the marital home is reversed and the cause remanded for further proceedings consistent herewith. The remainder of the judgment is affirmed, including the dissolution of the marriage of the parties.
Affirmed in part, reversed in part, and remanded.
NOTES
[*] The husband also argued alternatively that the execution of the deed conveying the property to the parties as tenants by the entireties likewise rendered the property a marital asset.