PER CURIAM.
In this divorce action the wife appeals from a final judgment of dissolution. She asserts that the trial court erred in distributing the marital assets and in denying her claims for rehabilitative alimony, attorney’s fees and costs. We reverse.
The primary issues are the award to the husband of the jointly titled marital home and the award to the husband of four motor vehicles acquired by him in his name alone during the marriage. The wife contends that the funds used to purchase the home and the motor vehicles came from a joint account which contained money contributed by both parties.
The joint savings account was originally titled in the husband’s name alone, but soon after the parties married the wife’s name was added to the account. The husband contends that he only put the wife’s name on the account so that she could obtain a free NOW checking account and he asserts that there was no commingling. The evidence shows, however, that the account contained funds contributed by both parties. The husband admits that he sold the wife’s silver, which she had owned pri- or to the marriage, and deposited the proceeds into the account. The record further supports the wife’s contention that at least part of her earnings during the marriage were deposited into the account.
*552 Section 61.075(5)(a)5 Florida Statutes (1991) defines “marital assets and liabilities” and includes the following presumption:
All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
Robertson v. Robertson, 593 So.2d 491 (Fla.1991) explains that this creates a presumption that entireties property is marital property regardless of who paid for it. The party claiming a special equity and seeking to have the property declared a non-marital asset now has the burden of overcoming this presumption by proving that a gift was not intended. Here, the home which was held by the parties as tenants by the entireties is presumed to be a marital asset and the burden is on the husband to show that he was entitled to a special equity. The husband failed to satisfy this burden.
In addition, the evidence in this case establishes that' when this home was purchased the wife contributed part of the cash payment and became personally liable for the balance of the purchase price when she signed a purchase money note and mortgage. Subsequent to the purchase of the home, when it was damaged by flooding, the costs of repair and renovating were paid from the proceeds of insurance to which the wife was jointly entitled and from the proceeds of. a mortgage refinancing for which the wife was jointly liable.
The trial court also erred when it found that the four motor vehicles purchased during the marriage and titled in the husband’s name alone were not marital assets. Section 61.075(5)(a)l, Florida Statutes (1991) defines “marital assets and liabilities” as follows:
Assets acquired and liabilities incurred during the marriage individually by either spouse or jointly by them.
The motor vehicles were clearly assets acquired during the marriage by the husband and as such are marital assets subject to equitable distribution.
Since it will be necessary for the trial court to reconsider the distribution of property in this case, and since a redistribution of assets may affect the equitability of other parts of the final judgment, upon remand, the trial court may reconsider all parts of its final judgment to reach an equitable resolution of this case.
Reversed and remanded for further consistent proceedings.
LETTS and POLEN, JJ., and ALDERMAN, JAMES E., Senior Justice, concur.