BRESCHER, GEORGE A., Associate Judge.
The parties in this cause were married in 1983 and the wife thereafter petitioned for dissolution of the marriage in 1990. At the time of the dissolution, the husband was sixty-eight years old and the wife was fifty-five years old. Both of the parties were retired throughout the time of the marriage, and each party lived from his or her own separate funds. The trial court found that the husband had savings of over $200,-000 and the wife had non-marital assets of approximately $250,000. Further, the court found that the husband received $2,400 a month from social security and interest income.
The husband, prior to the marriage, had purchased a lot and constructed a house thereon that was completed just before the wedding. The husband paid the entire cost of $306,000 for the home which the parties moved into after the wedding. Also prior to the marriage the husband executed a will leaving half of his real and personal property to the wife and the other half to his children. The will was subsequently revoked, with everything being left to his children. The husband, sometime after the marriage, deeded a half interest in the home to the wife, but claims there was an oral agreement between the parties that if the home was ever sold while he was living, he would be entitled to the entire proceeds from the sale. In 1991, subsequent to the time of the filing of the petition for dissolution of marriage, the home was sold and there were net proceeds of $500,000 which were placed in escrow pending the outcome of the final hearing.
The trial court found in its final judgment that the home was a marital asset subject to equitable distribution, and denied the husband’s request for a special equity as to the entire home. In making the equitable distribution of the home, the trial court divided the net proceeds from the sale of the home by awarding the husband approximately 94% of those proceeds and the wife approximately 6% of the proceeds. The remaining marital assets were apportioned approximately equally, and in addition, the wife was awarded rehabilitative alimony for three years in the amount of $1,800 per month plus her attorney’s fees. The wife appeals and the husband cross-appeals.
The trial court found that based upon both the will and the deed the husband executed in favor of the wife, the husband in fact intended to make a gift to the wife of the home and to make it marital property, and therefore the husband’s claim for a special equity in that asset was denied. The law is well settled in Florida that all real property held by the parties as tenants by the entireties, whether acquired prior to, or during the marriage, shall be presumed to be a marital asset. If a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for special equity. See § 61.075(5)(a) 5., Fla.Stat. (1991); Robertson v. Robertson, 593 So.2d 491 (Fla.1991). In this case the trial court found the documentary evidence supporting the proposition that the husband had intended to make a gift to the wife of a half interest in the home had greater weight than the husband’s testimony to the contrary. We find no error in that holding. See Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988).
We do find however, there was insufficient evidence to' justify the trial court apportioning the equitable distribution of the marital residence in favor of the husband in a 94%-6% split. Marital assets should be equitably distributed on an equal basis unless there have been unequal contributions toward the acquisition of that asset, or some other relevant facts that would require such unequal treatment. See Woodard v. Woodard, 477 So.2d 631 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1336 (Fla.1986). The evidence presented in this case may well have warranted disparity in the apportionment of the proceeds from the sale of the marital residence, but not to the extent of the 94%-6% split provided for in the final judgment. See Longo *200 v. Longo, 533 So.2d 791 (Fla. 4th DCA 1988), rev. dismissed, 542 So.2d 989 (Fla.1989). Further, because the award of rehabilitative alimony and attorney’s fees were also closely related to, and dependent upon, the equitable distribution of the marital residence in this case, we also return those matters to the trial court for further consideration.
REVERSED AND REMANDED.
STONE, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.-