PER curiam:.
The husband appeals the final judgment of dissolution claiming error in the distribution of assets, the award of lump sum alimony, the imputation of income and the award of attorney’s fees. We reverse and remand for reconsideration by the trial court.
At the time the petition was filed on April 8, 1992, the parties had been married 22 years and had three minor children. The final hearing was held May 5, 1993, and a final judgment was entered on June 11,1993. During the course of the marriage the husband had a good work record. He had started his own marine construction business in 1990 or 1991 but ceased operating the business shortly after the petition for dissolution was filed. At the time of the final hearing, he was working at a lumberyard earning substantially less than he had in any prior employment. The wife was working as a county health nurse part-time. At no time during the marriage did she ever work full-time.
The final judgment recites that the parties’ assets would be distributed on a 50/50 basis but that the husband’s share would be reduced by the arrearages he owed under a temporary order. However, the distribution made by the trial court does not reflect such a division. The award to the husband totals $98,333. The award to the wife totals $120,961. In addition to the fact that these totals are not substantially equal, we note the following errors and omissions which should be addressed upon remand.
During the marriage, the parties bought and sold several parcels of real estate. Funds that the wife inherited were used to purchase one residence which was titled in joint names and which both parties spent time and labor improving. When that residence was sold in 1989, a $20,000 balloon mortgage was taken in joint names. The trial court awarded the entire mortgage to the wife as a special equity because the property had originally been purchased with funds inherited by the wife. However, there was no evidence introduced to rebut the statutory presumption that the wife intended to make a gift to the husband when her separate funds were used to purchase the property. Robertson v. Robertson, 593 So.2d 491 (Fla.1991). It was, therefore, error to find that the mortgage was the wife’s nonmarital asset.
The husband was awarded business equipment (no longer being used) which the court valued at $43,980. This valuation was based on a finding that checks in this amount accounted for the funds spent on the purchase of the equipment as well as the sums spent to get the equipment ready for the business that had been started in 1991. The husband testified that he bought the barges in north Florida for a purchase price of $20,000 and he bought the crane in south Florida for a purchase price of $7,500. The additional checks which comprised the $43,-980 figure also reflect expenditures to transport and renovate this used equipment. The wife did not dispute these facts. The husband further testified that, in his opinion, the equipment was worth between $28,000 and $30,000 and that the highest offer he had received when he attempted to sell the equipment was $15,000. The wife testified that, in her opinion, the equipment was worth at least $50,000. No other evidence was presented as to the value of the equipment.[1] We find, on the evidence presented, it was error to allocate the entire $43,980 to the value of the equipment.
The husband was also awarded an annuity valued at the undisputed amount of *45 $9,753. Prior to the final hearing, the annuity was liquidated and used by the husband to pay support arrearages due to the wife under the temporary order. While it may be acceptable, in certain circumstances, to credit the value of a depleted asset to the party responsible for the depletion, we note that the wife removed approximately $5,700 from a marital savings account prior to the final hearing and also used these funds for support, yet the savings account was not included in the distribution at all. The fact that the husband used (with court approval) a marital asset to discharge a support obligation in a contempt proceeding does not support the trial court’s inclusion of the annuity and exclusion of the savings account in the distribution order.
The final judgment contains a finding that the wife is entitled to be awarded the husband’s interest in the marital residence as lump sum alimony. However, the award of the marital residence appears to be made as part of the equitable distribution plan. Upon remand, if the marital home is again awarded to the wife, the court should clarify whether the award is intended to be support or part of the equitable distribution plan.
We do not address the ruling regarding attorney’s fees since that issue should be addressed after the distribution of marital assets and lump sum alimony is reconsidered.
With respect to the trial court’s imputation of income to the husband, we find no error.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and ALTENBERND and FULMER, JJ., concur.

. The husband testified that the barges and crane were appraised at $28,000 and offered an appraisal into evidence. Wife’s counsel objected because the appraisal had not been produced for examination prior to trial. The court sustained the objection.