PARKER, Acting Chief Judge.
Jan Mattingly, now known as Jan Nichols (the wife), appeals a judgment of dissolution *215 of marriage. Of the two issues the wife raises, we agree that the trial court erred in including the wife’s special equity award in the distribution of marital assets. Accordingly, we reverse.
The wife correctly argues that the trial court erred in considering her $30,000 special equity as part of the marital assets for the purpose of equitable distribution. The trial court first should have ascertained the amount of her special equity and separated that amount from the value of the remaining marital assets for the purpose of calculating the value of the assets available for equitable distribution. See Heinrich v. Heinrich, 609 So.2d 94 (Fla. 3d DCA 1992).
Accordingly, we reverse the equitable distribution portion of the final judgment and remand for recalculation of the value of marital assets of the parties minus the $30,000 special equity to which the wife is entitled. Thereafter, the trial court must distribute the marital assets equitably. We also note that the final judgment does not address which party is granted possession of the marital residence. The trial court should address that issue at the time it enters its order on distribution of the marital assets.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., concur.