PER CURIAM.
Jan N. Mattingly (wife), the former wife, appeals an order on mandate issued by the trial court. She asserts that the trial court failed to comply with the mandate previously issued by this court. We agree that the mandate was not fully complied with. Accordingly, we affirm in part, reverse in part, and remand.
The final judgment of dissolution of marriage was entered on November 18, 1993. The -wife successfully appealed that final judgment. Mattingly v. Mattingly, 651 So.2d 214 (Fla. 2d DCA 1995). In that opinion, this court reversed the final judgment of dissolution and remanded the case with directions that the trial court separate the wife’s $30,000 special equity in the marital residence from the remainder of the marital assets;[1] calculate the value of the assets that remained for equitable distribution and distribute those assets equitably; and address which party was to be granted possession of the marital residence, which the parties continued to own as tenants in common.
Pursuant to this mandate, the trial court entered an order on April 3, 1995.[2] In that order, the trial court awarded possession of the marital residence to the former husband, Douglas E. Mattingly (husband), with certain conditions. That determination will not be disturbed by this court. Likewise, the trial court adequately addressed the issue of the $30,000 special equity by stating that when the residence was sold the wife “shall receive $30,000 as her special equity before the remainder of the net receipts are divided equally between the parties.” After making these two awards, however, the trial court stated that the balance of its prior order on distribution would remain unchanged. This resulted in an unequal distribution of $45,650 in marital assets to the husband and $15,955 in marital assets to the wife.
In Lavelle v. Lavelle, 634 So.2d 1111, 1112 (Fla. 2d DCA 1994), this court stated:
In the absence of equitable factors compelling a different result, the division of marital assets should be substantially equal. Robertson v. Robertson, 593 So.2d 491 (Fla.1991). Here the distribution of assets is clearly unequal, but there are no findings to support the disparity. On remand, the trial court should reconsider the equitable distribution and either provide a legally sufficient factual basis or provide a more equal division of marital assets.
*973 See also Harreld v. Harreld, 682 So.2d 635 (Fla. 2d DCA 1996); Villalva v. Villalva, 620 So.2d 198 (Fla. 4th DCA 1993).
Based on the foregoing, we affirm in part, reverse in part, and remand this cause for the trial court to equitably distribute the marital assets. This distribution should be substantially equal or, if unequal, supported by a legally sufficient factual basis.
SCHOONOVER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.

. In the final judgment, the trial court awarded the husband $45,650 in assets and the wife $45,-955 in assets. The problem with this equitable distribution scheme was that the wife’s $30,000 special equity was included in the assets awarded to her. Thus, the amount she would have received in marital assets, less the $30,000 special equity, would have been $15,955, or 25.9% of the total marital assets.

. The wife moved for rehearing which was denied without hearing on April 21, 1995.