COHN, JAMES I., Associate Judge.
Marc Swiekle appeals the final judgment dissolving his marriage to Sherry Swiekle. Of the eleven issues raised, we find three have merit and require reversal.
First, the trial court found that appellee had a special equity of $33,345.09 in the marital residence based upon the use of $14,-367 .68 from the sale of her condominium, a non-marital asset, and $18,977.41 from the sale of her non-marital investments, which represented the entire down payment and closing costs for the purchase of the marital residence. Title was taken as tenants by the entireties.
Section 61.075, Florida Statutes (Supp. 1994), “creates a presumption that entireties real estate is marital property regardless of who paid for it. The party claiming a special equity and seeking to have the property declared a non-marital asset now has the burden of overcoming this presumption by proving that a gift was not intended.” Robertson v. Robertson, 593 So.2d 491, 494 (Fla.1991); see Baird v. Baird, 696 So.2d 844, 847 (Fla. 2d DCA 1997); Villalva v. Villalva, 620 So.2d 198, 199 (Fla. 4th DCA 1993). The presumption that assets are marital assets is overcome only by showing substantial competent evidence that a special equity interest in the marital residence exists. §§ 61.075(5)(a)l & (7), Fla. Stat.
Appellee presented no evidence to rebut the presumption that she intended the funds to be a gift. See Bomwell v. Bomwell, 676 So.2d 508, 510 (Fla. 4th DCA 1996). Since appellee failed to prove by substantial competent evidence that a gift was not intended, we conclude that the trial court erred in finding a special equity in the marital residence.
Second, although we conclude that the amount of monthly child support is not excessive, appellee correctly concedes that the number of payments ordered constitutes error. The trial court directed appellant to pay the monthly child support obligation in two equal installments, to be paid biweekly, resulting in twenty-six payments per year. However, the court should have ordered appellant to make child support payments twice a month, which would result in twenty-four payments per year. Therefore, appellant is entitled to a credit for overpayment from June 23, 1997, the date of the Amended Income Deduction Order.
Finally, the trial court erred in its calculation of child support arrearage. The Final Judgment of Dissolution of Marriage reflects an aggregate arrearage in child support pay *311 ments of $5,619.00, based upon the following findings:
a.Nine week period ending May 1,1995 $2,573.00
b. Contempt order of March 12,1996 (husband paid purge amount of $2,000.00) $4,189.00
c. Three week period from April 8, 1996 through April 28,1996. $ 857.76
The trial court erroneously “double dipped” by including the nine week period through May 1, 1995 a second time in its March 12, 1996 contempt order. This amount was subsumed by the contempt order, therefore, the child support arrearage should be reduced to $3,046.76.
All other issues raised are affirmed.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STEVENSON and SHAHOOD, JJ., concur.