PER CURIAM.
Appellant David Kronfeld [husband] seeks to reverse the equitable distribution effectuated by the trial court in its amended final dissolution of marriage. We affirm in part and reverse in part.
The parties were married in 1962 and separated in June 1992. Appellee Julia Kronfeld [wife] filed a petition for dissolution of marriage in 1992, but it was voluntarily dismissed in 1994 because of the wife’s hospitalization and grave medical condition. Nevertheless, since 1992, the parties have maintained separate financial accounts and purchased or contracted to purchase real properties individually. Additionally, the parties orally agreed to a division of insurance proceeds from a Hurricane Andrew-related claim arid split the proceeds from the sale of their marital residence.
In 1997, the wife again filed for divorce and the husband counter-petitioned. In its amended final judgment, the trial court found that the oral settlement agreement entered into by the parties during their separation rendered any proceeds received and investments made subsequent to 1992 non-marital assets. The trial court made numerous other findings, few of which have been challenged on appeal.
In 1994, the parties sold their marital residence for $672,000.00, and the proceeds were equally divided with each party receiving $336,000,000. From the husband’s share, $100,000.00 was paid to Transatlantic Bank to satisfy a loan owed by the parties’ wholly-owned business. This loan was guaranteed by both parties and was further secured by a lien on the marital residence. As part of the sale of the marital residence, the buyer executed an $85,000.00 promissory note in favor of the parties secured by a second mortgage which was subsequently satisfied and from which each party received $42,500.00 in additional proceeds.
The insurance proceeds in the amount of $900,000.00, arising from damages sustained by the marital residence during Hurricane Andrew, were divided between the parties. The wife received $391,000.00 and the husband received $509,000.00. From the husband’s $509,000.00 share, he paid $110,000.00 to satisfy home repair expenses, $199,000.00 to satisfy a Transatlantic lien on the home, and the balance of $350,000.00 was deposited by the husband in his personal accounts.
The husband argued below that he was entitled to a $350,000.00 credit against the lump sum amount due his wife because he had paid $300,000.00 to satisfy the lien on the marital home and $50,000.00 to his wife, payments of which derived from the sale of the marital home as non-marital assets. The trial court rejected this argument and found that the husband had, in effect, converted a non-marital asset into a marital asset. We disagree.
Where title to property is held jointly, there is only a presumption of a gift and the party seeking to declare the property a non-marital asset must, prove that a gift was not intended. See Robertson v. Robertson, 593 So.2d 491, 494 (Fla.1991); Archer v. Archer, 712 So.2d 1198, 1199 (Fla. 5th DCA 1998). Under the facts of this case, the husband has overcome the gift presumption by proving that he was not making a contribution to an intact marriage, but was satisfying a corporate debt owed by the parties that encumbered a business owned solely by the husband. The trial court should have given the husband credit for the money spent in paying off the corporate debt, and we reverse as to this point.
We affirm the trial court, however, in denying a credit to the husband for $50,000.00 which the husband gave the wife during the parties long separation as *413 there was evidence presented below to support the finding that this payment was in the nature of separate maintenance and support. We also agree with the wife on her cross-appeal that the trial court mistakenly included her First Union account in the amount of $9,655.00 as a marital asset.
Reversed in part, affirmed in part, and remanded.