GRIFFIN, J.
Stephen Frank David, Jr. (“husband”) seeks review of the distribution of marital assets.in the final judgment terminating his marriage to Gail David (“wife”). Specifically, he urges that the trial judge erred in failing to extract the special equity awards before equitably dividing the marital property.
The court below valued the parties’ lawn business at $45,000.00 and determined that the husband had a special equity of $7,500.00 in the business. The court also ruled that the business should be allocated as property of the husband in the scheme of equitable distribution. Oddly, however, he also ruled that the value of the business should be split equally. Likewise, wife was awarded a special equity of $18,000.00 in the marital home valued at $100,000.00. The court found that all right, title and interest in the home should vest in the wife, but the value of the home should be equally divided. The trial judge thus made the following distribution:
*555 [[Image here]]
Husband does not dispute the special equity awards or the identification or valuation of marital liabilities. Husband contends that the trial judge erred by failing to extract the special equity awards before equitably distributing the marital assets. Husband proposes that the following is the correct allocation of values:
[[Image here]]
Husband is correct in calculating the value of assets available for equitable distribution. The trial court should first ascertain and separate any amount of special equity from the value of the marital assets to be equitably distributed. See Mattingly v. Mattingly, 651 So.2d 214 (Fla. 2d DCA 1995). Also, the value of the asset should be allocated to the party receiving the asset. Because it appears the trial court contemplated an approximate 6%o division of marital assets, the scheme of equitable distribution will have to be reconsidered.
REVERSED and REMANDED.
HARRIS and SAWAYA, JJ., concur.