■ JOHN W. VALACHOVIC, Respondent, v MARY SUSAN VALACHOVIC, Appellant. [780 NYS2d 222]—

Mugglin, J. Appeal from an order of the Supreme Court (Kramer, J.), entered April 29, 2003 in Schenectady County, which denied defendant's motion to receive a share of plaintiff's future benefit enhancements in the New York State Teachers' Retirement System.

At the time of their September 2002 divorce, both plaintiff and defendant, as retired schoolteachers, were receiving pension benefits from the New York State Teachers' Retirement System (hereinafter NYSTRS). At issue is whether plaintiff's purchase of three additional years of credit for military service (*see* L 2000, ch 548) is includable in the computation of defendant's distributive share of plaintiff's pension. It is

undisputed that plaintiff's 31 years' credit as a teacher was earned during the marriage and that his three years of military service preceded the marriage. Supreme Court held the three years of military service to be plaintiff's separate property, prompting this appeal by defendant.

Defendant's sole argument is that plaintiff was only eligible to purchase the additional credit because of his membership in the NYSTRS pension plan, a wholly marital asset, and by purchasing the additional credit, plaintiff modified an existing marital asset, entitling defendant to share equally in the increased benefit. We disagree and affirm.

Whether and to what extent a pension benefit is marital or separate property is determined by the time period in which the credit for the pension was earned (see Domestic Relations Law § 236 [B] [1] [c]; *DeLuca v DeLuca*, 97 NY2d 139, 143-144 [2001]; *Olivo v Olivo*, 82 NY2d 202, 207-209 [1993]; *Majauskas v Majauskas*, 61 NY2d 481, 489-490 [1984]). As the three years in issue were admittedly earned prior to the marriage, they remain plaintiff's separate property. Plaintiff's reliance on *De-Luca v DeLuca* (*supra*) and *Olivo v Olivo* (*supra*) is misplaced as both of those cases involved postdivorce enhancement of benefits for *past services rendered during the marriage*. This determination makes it unnecessary to address the efficacy of Supreme Court's ruling that defendant waived any right that she had to share in the additional three years' benefit.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.