KELSEY, J.
The former husband in this dissolution action appeals a final order equitably distributing the parties’ marital assets. Husband raises several issues with the distributions of real property in that order, and after careful consideration, we find one preserved error that requires reversal.
Before the trial court could equitably distribute the marital property, it had to determine which assets were marital. One of those assets was the Pigeon Creek property, consisting of two contiguous parcels, one 13 acres and the other 3.5 acres. When the parties married in 2001, Husband and his sister each owned an undivided half-interest in the smaller parcel, and Husband solely owned the larger parcel. During the marriage, the parties gave Hus *487 band’s sister money to pay the property taxes on a different tract of land she owned. As repayment, she deeded to Husband her half-interest in the smaller Pigeon Creek parcel. Thus, both Pigeon Creek parcels were titled solely in Husband’s name when the marriage was dissolved. The trial court determined all of the 3.5-acre parcel was a marital asset because Husband acquired his sister’s interest with marital funds.
We review de novo a trial court’s legal conclusion that an asset is marital or nonmarital. Smith v. Smith, 971 So.2d 191, 194 (Fla. 1st DCA 2007). Assets acquired during the marriage by either spouse individually or by both spouses jointly are marital assets. § 61.075(6)(a)(l)(a), Fla. Stat. (2014). On the other hand, assets acquired by either party before the marriage are nonmarital assets. § 61.075(6)(b)(l). Therefore, the half-interest Husband acquired in the 3.5-acre parcel of the Pigeon Creek property before the marriage was a nonmarital asset, while the interest he acquired during the marriage with marital funds was a marital asset. Husband’s acquisition of his sister’s half-interest in the parcel with marital funds did not convert his pre-marital half-interest into a marital asset. Kittinger v. Kittinger, 582 So.2d 139, 139-40 (Fla. 5th DCA 1991). Therefore, the trial court erred in determining that the 3.5-acre parcel of the Pigeon Creek property was entirely a marital asset. Accordingly, we remand this case to the trial court for entry of an amended final order consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
MAKAR and WINSOR, JJ., CONCUR.