# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-1030


**MIDORI BHATI**

**VERSUS**

**DEO BHATI**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 205,222
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Michael Hathorn Davis**
**Attorney at Law**
**P. O. Box 12180**
**Alexandria, LA 71315-2180**
**(318) 445-3621**
**Counsel for Plaintiff/Appellant:**
**Midori Bhati**

**Todd Lee Farrar**
**Attorney at Law**
**P. O. Box 4028**
**Pineville, LA 71361-4028**
**(318) 448-4040**
**Counsel for Defendant/Appellee:**
**Deo Bhati**

**SAUNDERS, Judge.**

This matter arises from a divorce and subsequent partition of property. The couple married on October 7, 1973. The wife filed for divorce on July 26, 2001.

After the divorce was granted, and the property of the parties allocated, the wife filed an appeal with this court that resulted in a vacated judgment. This court then remanded that case on the issue of final spousal support and ordered the trial court to reach a complete allocation of assets between the parties.

On remand, the trial court completely allocated the assets and ordered that the husband pay the wife $1,000.00 in final spousal support. The wife has appealed the judgment of the trial court, alleging four assignments of error. We find no error by the trial court and affirm.

**FACTS AND PROCEDURAL HISTORY:**

On October 7, 1973, Deo Bhati (Deo) was married to Midori Bhati (Midori) in Japan. The couple established their domicile in the United States in May 1974. The couple had three children, who are all currently majors.

Midori never worked outside the home for the duration of the marriage. At the termination of the marriage, Midori had no marketable job skills, but obtained a job at a minimal wage. After realizing that she needed a marketable job skill, Midori enrolled in the LSUA nursing school and received her associate nursing degree in February 2004.

Deo worked as a physician in private practice, in the United States Military, and for the Veteran's Administration. During his work life Deo accumulated a thrift savings account, an individual retirement account, a military retirement, a Federal Employee Retirement System (FERS) retirement, and a social security retirement. Since the divorce, Deo has retired from being a physician.

In March 1990, Deo's civil service retirement was involuntarily transferred into a FERS account. At that time, the civil service retirement was deficient by a total of $689.00. Using community funds, Deo payed the $689.00 to the FERS account. This payment eventually benefitted both parties, as the one-time payment increased the monthly retirement payment by $376.00.

During the marriage, Deo received some gold jewelry from his father that he claimed were family heirlooms. Deo asserted that the jewelry, while it was female jewelry, was traditional Indian jewelry that the wife of his male family members wore for traditional Indian functions. Midori asserted that the jewelry was given to her as a gift from Deo, in lieu of an engagement ring.

The couple was married for twenty-eight years when Midori filed for divorce on July 26, 2001. A judgment was signed on June 17, 2001, terminating the community property regime as of the filing date.

On October 4, 2001, a judgment on incidental matters was signed. This judgment, *inter alia*, ordered Deo to pay Midori $3,500.00 in interim spousal support. Deo filed a motion for a new trial that was heard on October 22, 2001. On April 18, 2002, the court signed a judgment allocating to each party one half of the individual retirement account. On June 21, 2002, the initial trial court issued another order to clarify issues not relevant to this appeal.

On September 3, 2002, Deo filed a petition for community property partition, with a sworn, detailed, descriptive list. Midori answered the petition and filed her own detailed, descriptive list. Deo then filed a traversal of the detailed, descriptive list and a first amending sworn, detailed, descriptive list on December 6, 2002.

Midori filed a rule for permanent spousal support on March 27, 2003. Trial

2

was held on December 2, 2003, and a judgment was signed on February 18, 2004, denying final spousal support to Midori and dispersing the assets of the couple, including awarding each party one half of Deo's thrift savings account. Of note was that the gold jewelry was found to be the separate property of Deo. Midori filed a motion for new trial that was denied. Midori then filed an appeal to this court on June 11, 2004. In an unpublished opinion, this court vacated the judgment of the initial trial court and remanded the case for further proceedings. On remand, the matter was assigned to a different trial court, and a trial on the merits was conducted on May 15, 2007.

The results of the second trial court's judgment that are relevant to this appeal are as follows: Midori was denied additional community assets to compensate her for the social security benefits that federal law prevents her from receiving; Midori was denied a greater share of Deo's FERS account that she alleged she was entitled to receive due to his one-time payment of $689.00 of community funds; Midori was awarded $1,000.00 in final spousal support retroactive to the date of divorce; and the gold jewelry at issue was found to be the separate property of Deo. Midori filed a motion for a new trial that was denied, then filed this appeal now before us, alleging four assignments of error.

**ASSIGNMENTS OF ERROR:**

1.    The trial court erred in failing to award Midori additional community assets to compensate her for the social security benefits of Deo, for which she was not eligible to receive due to federal law.

2.    The trial court erred in failing to find that Midori was entitled to a greater share of the FERS Retirement of Deo due to payment made during the community, with community funds, in order to fully transfer Deo's Civil Service Retirement to the FERS.

3.    The trial court erred in awarding Midori an insufficient amount of final spousal

3

support.

4. The trial court erred in finding that the gold jewelry was the separate property of Deo.

**ASSIGNMENT OF ERROR NUMBER ONE:**

In her first assignment of error, Midori contends that the trial court erred in failing to award her additional community assets to compensate her for the social security benefits of Deo, for which she was not eligible to receive due to federal law. This contention is without merit.

Louisiana Revised Statutes 9:2801.1 (emphasis added) states:

> When federal law or the provisions of a statutory pension or retirement plan, state or federal, preempt or preclude community classification of property that would have been classified as community property under the principles of the Civil Code, the spouse of the person entitled to such property shall be allocated or assigned the ownership of community property equal in value to such property prior to the division of the rest of the community property. Nevertheless, if such property consists of a spouse's right to receive social security benefits or the benefits themselves, then the court *in its discretion* may allocate or assign other community property equal in value to the other spouse.

Under the clear language of La.R.S. 9:2801.1, a trial court is granted discretion to choose whether to award a spouse additional community assets as compensation for the right to receive social security benefits, or the benefits themselves, of the other spouse when those benefits would otherwise be classified as community property but for federal preemption. Thus, an appellate court, when reviewing a judgment reached under La.R.S. 9:2801.1, will apply the abuse of discretion standard of review. *Comeaux v. Comeaux*, 08-1330 (La.App. 3 Cir. 4/1/09), 7 So.3d 110.

Midori argues that the peculiar facts and circumstances of this case are such that this court should find that the trial court abused its discretion. We do not agree. After reviewing the record, we find no abuse of discretion by the trial court. In the

trial court's extensive reasons for ruling, it indicated that the choice to not compensate Midori for Deo's social security benefits was made in light of its award to Midori's for final periodic support of $1,000.00 per month. Further, the record indicates that the couple's three children are all majors, and have been so since 2001, that Deo has contributed to their higher education, and that Midori has made herself employable by attaining a nursing degree in February 2004. Moreover, the trial court's distribution of assets indicates that Midori has received a substantial monetary award via disbursements of Deo's other retirement accounts, and Midori has received one-half of Deo's retirement benefits, other than his social security benefits, and will continue to receive those benefits in the future. Accordingly, we affirm the trial court's judgment regarding its discretionary decision based on La.R.S. 9:2801.1.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Midori's second assignment of error is that the trial court erred in failing to find that Midori was entitled to a greater share of the FERS account of Deo due to payment made during the community, with community funds, in order to fully transfer Deo's Civil Service Retirement into a FERS account. We find no credence in this assignment.

It is well settled that findings of fact are subject to the manifest error, clearly wrong standard of review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The trial court's determination of whether property is community or separate is a finding of fact. *Young v. Young*, 06-77 (La.App. 3 Cir. 5/31/06), 931 So.2d 541.

We find a reasonable basis for the trial court's ruling regarding Deo's FERS account. The parties stipulated that Deo's Veteran's Administration retirement plan was involuntarily transferred into a FERS account and deemed deficient in the

5

amount of $689.00. They also agreed that Deo paid that one-time amount on March 8, 1990, during the existence of the community regime, in order for the community to receive an additional $376.00 per month thereafter.

There was a dispute as to the correct percentage of community classification of Deo's FERS account. Midori calculated the community portion of the FERS account at 77.79%, while Deo calculated it to be 76.9%. After trial, both parties used Midori's calculation, as did the trial court. Using that calculation, the trial court then awarded Midori one-half of 77.79%, equal to 38.89%, of the disbursements already made to Deo, and that same percentage in all future disbursements from the FERS account. We find no error in this judgment.

Midori argues that this situation is "similar in principle" to this court's cases of *Lodrigue v. Lodrigue*, 01-1630 (La.App. 3 Cir. 5/8/02), 817 So.2d 466, *writ denied*, 02-1604 (La. 10/4/02), 826 So.2d 1124 and *Tarver v. Tarver*, 05-367 (La.App. 3 Cir. 11/2/05), 916 So.2d 1222. Midori is correct. In both cases, the parties purchased additional years of service in the respective retirements with community funds, and this court ruled that the purchased years of retirement inured to the benefit of the community of acquets and gains. This is exactly what the trial court did in this case.

The trial court divided Deo's FERS account based upon Midori's suggested percentage over that of Deo. The trial court denied Midori's request for one-half value of the additional $376.00 per month reasoning that Deo's one-time payment into the FERS account benefitted both parties. This is accurate, as due to a single payment of $689.00 made with community funds, Midori will receive slightly above $146.00 additionally per month. As such, we find a reasonable basis for the trial

6

court's denial of Midori's request to a greater share of Deo's FERS account.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Next, Midori contends that the trial court erred in awarding her an insufficient amount of final spousal support. We do not agree.

A trial court's determination regarding final periodic support is subject to the abuse of discretion standard of review. *January v. January*, 03-1578 (La.App. 3 Cir. 4/7/04), 876 So.2d 98. Louisiana Civil Code Article 112 states:

> A. When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
>
> B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
>
> > (1) The income and means of the parties, including the liquidity of such means.
> >
> > (2) The financial obligations of the parties.
> >
> > (3) The earning capacity of the parties.
> >
> > (4) The effect of custody of children upon a party's earning capacity.
> >
> > (5) The time necessary for the claimant to acquire appropriate education, training, or employment.
> >
> > (6) The health and age of the parties.
> >
> > (7) The duration of the marriage.
> >
> > (8) The tax consequences to either or both parties.
>
> C. The sum awarded under this Article shall not exceed one-third of the obligor's net income.

In the case before us, the trial court wrote thorough reasons for judgment. The following is an excerpt of those reasons pertaining to its ruling on final periodic

support:

> The evidence shows Midori will have one half of 77.79 percent of all future payments from the FERS retirement, which means she will receive approximately[] $924.53 monthly. She will also receive $398.66 per month from the military retirement plan. Further, since the time of the divorce she has completed an Associate's Degree in nursing, [passed] her Boards in February 2005 and expects to receive her Master's Degree in nursing in two years. Despite this income and education, Midori also seeks final spousal support under [La.Civ.Code art.] 112[].

> . . . .

> The court has considered the [La.Civ.Code art. 112] factors and is concerned about Midori's age and ability to adapt to the working world. Midori has never worked and is now at least 58 years old. She has educated herself in a profession that works on 12 hour shifts and requires constant walking and standing. Midori tried to work at nursing while attending school but was unable to do so. It may be that she plans to teach, after her education is complete. Considering that the court did not award her any item in lieu of Deo's Social Security, his assets are substantially greater than hers. [] The court will award the amount of $1,000.00 per month, retroactive to the time of the request for permanent alimony. In the event that Midori actually obtains and keeps a job, Deo can bring an action to terminate the support.

It is clear from these reasons for ruling that the trial court took heed of the factors expressed in La.Civ.Code. art. 112. Further, Midori has been awarded a substantial amount from Deo's retirement accounts, and will continue to receive her fair portion of those accounts. In addition, Deo testified that he is retired, while counsel for Midori stated that she now has her master's degree in nursing. As such, we find no abuse of discretion by the trial court, and affirm its judgment

**ASSIGNMENT OF ERROR NUMBER FOUR:**

In her final assignment of error, Midori claims that the trial court erred in finding that the gold jewelry was the separate property of Deo. We find that this claim is without merit.

As stated in Assignment of Error Number Two, the classification of property

as separate versus community is a finding of fact subject to the manifest error standard of review. *See Young*, 931 So.2d 541.

Midori cites three cases in brief relating to Deo's burden of proof at the trial level, namely *Salley v. Salley*, 95-387 (La. 10/16/95), 661 So.2d 437, *Ramsey v. Ramsey*, 96-481 (La.App. 3 Cir. 10/9/96), 682 So.2d 797, and *Morris v. Morris*, 96-788 (La.App. 3 Cir. 12/26/97), 685 So.2d 673, *writ denied*, 97-237 (La. 3/14/97), 690 So.2d 40. Midori cites these cases for the proposition that the trial court did not apply the correct burden of proof necessary for Deo to prove that the gold jewelry was his separate property, *i.e.*, "a burden greater than preponderance of evidence and somewhat less than reasonable doubt." This is inaccurate.

Our Louisiana Supreme Court, in *Talbot v. Talbot*, 00-814, p. 12 (La.12/12/03), 864 So.2d 590, 600, found that these cases were superseded by statute, and stated the following:

> As a matter of public policy and in the interest of fairness, we find that the community presumption contained in [La.Civ.Code art.] 2340 is rebuttable by either spouse upon a showing by a preponderance of the evidence the separate nature of property brought into the community.

Therefore, Midori's argument in brief regarding trial court error as to the burden of proof is without merit. However, given that Midori's actual assignment is a general claim that the trial court erred in classification of the jewelry, we will conduct a manifest error review to determine whether the trial court's judgment to find that Deo proved by a preponderance of the evidence that the jewelry was his separate property has a reasonable basis.

The only evidence in the record regarding the gold jewelry is the testimony of the parties. An excerpt from Deo's testimony follows:

Q    There had [sic] been some talk about some jewelry. Can you tell

9

us about the jewelry?

A The jewelry is in my family for a long time. My - - as far as I know[,] my grandmother or great-grandmother. And it came from - - from grandfather to gave - - his wife wore it because it's a female jewelry. And she wore it and when my father got married my grandfather gave to my father and so that his mother can wear it. And when my mother died [] - - there are much more jewelry then but my sister and other relative took their thing. But the necklace, it was an heirloom so that gave to me to keep it in the family from male to male to male.

Q Okay. So you - - you deny that you ever gave this as a gift to Ms. Bhati.

A There no reason for me to give a gift. She can wear it because female jewelry but this lady never wore even a single time while this jewelry because she doesn't think it's proper to wear Indian jewelry. She never wore it. She never in the function. And if she think that I'm telling something wrong she can show me the picture where she wore it. And she never liked it.

Q Okay. So you're asking this Court to recognize that as separate property?

A It's my family heirloom.

Midori testified otherwise, attesting that the jewelry was a gift to her because she had no engagement ring. Further, according to Midori, only she knew the combination to the safe where it was kept. The trial court chose to believe Deo's testimony, as it stated in its written reasons for judgment, "[t]he court believes that the description of the jewelry and the purpose itself relates to Deo's Indian culture."

Given the above, we must adhere to the following axioms as stated by our supreme court in *Rosell*, 549 So.2d 840(citations omitted):

When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or

10

implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

There is no objective evidence in the record that contradicted Deo's testimony, nor is his testimony facially implausible or internally inconsistent. As such, we find that Deo's testimony provided the trial court with a reasonable basis to find that the jewelry was Deo's separate property. Accordingly, we affirm the trial court's judgment on this issue.

**CONCLUSION:**

Midori raised four assignments of error. We found no merit in any of those assignments. Therefore, we affirm the trial court's judgment, in full, and assess all costs of this appeal to Midori.

**AFFIRMED.**