NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-406

DENNIS LAROY SMITH

VERSUS

DEBRA PERKINS SMITH

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 20914
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.

AFFIRMED.

**Richard E. Lee**
**810 Main Street**
**Pineville, Louisiana 71360**
**(318) 448-1391**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Debra Perkins Smith**

**Henry H. Lemoine, Jr.**
**Attorney at Law**
**607 Main Street**
**Pineville, Louisiana 71360**
**(318) 473-4220**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Dennis Laroy Smith**

**CONERY, Judge.**

This case involves the partition of a community regime of acquets and gains. Debra Perkins Smith (Debra) appeals only that portion of the trial court's judgment designating as a community asset the marital residence in Grant Parish, located at 170 Slayter Nichols Road, Dry Prong, Louisiana. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Debra and her former husband, Dennis Laroy Smith (Dennis), were married on July 4, 2006, and a Petition for Divorce was filed on June 18, 2010. A Judgment of Divorce was rendered on May 2, 2011, thus ending the community regime of acquets and gains retroactively to June 18, 2010, the date the Petition for Divorce was originally filed.

On December 12, 2012, a bench trial was held solely on the issue of the status of the marital residence. Dennis contended that the marital residence was part of the community of acquets and gains, while Debra argued that the marital residence was her separate property. The trial court, by request of the parties, deferred a hearing to determine "the value of the community assets, its liabilities and any reimbursement claims." After a series of continuances, the parties "agreed to submit appraisals in lieu of a trial." The trial court issued its Written Reasons for Judgment on November 26, 2013 and Judgment consistent with its Reasons on January 7, 2014.

Debra appeals the trial court's ruling that the Grant Parish marital residence was part of the community regime and not Debra's separate property. Debra claims that on July 7, 2007, she and her sister, Sharon Perkins Danner (Sharon), executed an Act of Exchange of Debra's separate property, whereby Debra

transferred three tracts of land located in Rapides Parish she had allegedly acquired before her marriage to Dennis in exchange for the marital home located in Grant Parish at 170 Slayter Nichols Road, Dry Prong, Louisiana. Debra claims that because the marital home was acquired in exchange for her separate property, it must also be classified as separate.

## ASSIGNMENTS OF ERROR

Debra alleges the following assignments or error on appeal:

> The Trial Court committed manifest error when it found that the tract of land that Ms. Smith [Debra] purchased from Anita Perkins Guillory was community property.

> The Trial Court committed manifest error when it found that the tract of land purchased from TIN, Inc. was community property.

> The Trial Court committed manifest error when it found that the property Ms. Smith [Debra] received in exchange from Shannon Perkins Danner located at 170 Slayter Nichols Road, Dry Prong, Louisiana is community property.

## LAW AND ANALYSIS

### *Standard of Review*

In the absence of manifest error or unless it is clearly wrong, an appellate court may not set aside a trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The trial court's determination of whether property is community or separate is a finding of fact. *Young v. Young*, 06-77 (La.App. 3 Cir. 5/31/06), 931 So.2d 541.

In *Ross v. Ross*, 02-2984, p. 9 (La. 10/21/03), 857 So.2d 384, 390, the supreme court, in its analysis of the regime of acquets and gains, instructed:

> Property acquired by a spouse prior to the establishment of the community property regime is separate property. La. C.C. art. 2341. However, the natural and civil fruits of separate property produced during the existence of the community property regime are community unless a spouse reserves them as his separate property in

2

a declaration made by authentic act or an act under private signature duly acknowledged. La. C.C. art. 2339.

The Code also provides that things in the possession of a spouse during the existence of a regime of acquets and gains are presumed to be community. La. C.C. art. 2340. However, either spouse may rebut this presumption. La. C.C. art. 2340. The spouse seeking to rebut the presumption bears the burden of proving that the property is separate in nature. *Knighten v. Knighten,* 00-1662 (La.App. 1 Cir. 9/28/01), 809 So.2d 324, *writ denied,* 01-2846 (La.1/4/02), 805 So.2d 207.

In *Talbot v. Talbot*, 03-814 (La.12/12/03), 864 So.2d 590, the supreme court established that the preponderance of evidence standard was to be utilized to rebut the presumption of community pursuant to La.Civ.Code art. 2340.

## DISCUSSION

Debra combined all three assignments of error in her briefing to this court, and we will do likewise.

The Act of Exchange between Debra and her sister, Sharon, took place on July 7, 2007, while Debra and Dennis were married. In its Reasons, the trial court described the circumstances surrounding the acquisition and filing in the public records of each of the properties in the Act of Exchange upon which Debra based her claim that the marital home should be considered her separate property:

> The first parcel described was a 1.75 acre tract in Glenmora that was donated to Debra on April 6, 2001, by her former husband, Paul D. Miller. The parties agree that this tract was Debra's separate property. However, no evidence was introduced as to the value of this tract on the date of the act of exchange.

> The second property was a 1.72 acre tract in Glenmora that Debra purchased from Anita Perkins Guillory in a cash sale for $1,000. The sale is not completely dated, as it only states, "Be It Known, That on this 6th day of 2006 A.D." The community regime began on July 4, 2006, and the attached legal description of this tract was not prepared by a surveyor until January 17, 2007. The sale was not recorded until March 23, 2007.

> The third property in the exchange was an 8.62 acre tract in Glenmora. The property was purchased for $13,844 by a limited

3

warranty deed. The deed introduced at trial was signed on July 28, 2008, and recorded in Rapides Parish on August 4, 2008. The deed purports to replace a missing original deed and to revert back to the transfer of ownership which purportedly occurred on June 16, 2006. Debra is listed as the only grantee and with her maiden name, "Debra Perkins." Debra testified [n. 3 The Court relied on La.Civ. Code art. 1848 in allowing testimony to negate or vary the contents of this authentic act. Dennis alleged a vice of consent in Debra's acquisition of the 8.62 acre tract in her name only.] that the property was purchased prior to the marriage, but "they never sent the deed." She alleges that she requested the replacement deed when she and her sister, Sharon Danner, were exchanging property. However, the replacement deed was signed on July 28, 2008, and the act of exchange with Sharon Danner occurred on July 17, 2007.

Dennis testified at trial that he was the one who acquired the 8.62 tract in Glenmora. He stated that he and Debra were living together and about to get married and that he gave her the money to pay for the tract before he left for work in Saudi Arabia. Dennis stated the purchase was made while he was out of the country, and the papers he saw on his return read "Dennis and Debbie." He did not elaborate on which papers these were. Dennis stated that he did not find out his name was not on the deed until after the separation. Debra testified that she ultimately acquired the property in her name only, but admitted that Dennis provided all of the money for the purchase of the property. [n. 4 Mr. Lemoine questioned Debra, "Did Mr. Smith agree to that? Was it a gift?" Debra responded, "I don't know how he classified it. It was supposed to be our property, but it--I mean, he just-- he bought it. He paid for it. He sure did." (R. 9:33A.M.)]

Despite the admission by Debra that Dennis was the individual that actually paid TIN, INC. for the 8.62 tract in Glenmora, Debra urges the trial court erred in its application of La.Civ.Code art. 1848, by allowing parol evidence concerning the history of the purchase of the 8.62 tract in Glenmora. Louisiana Civil Code Article 1848 provides:

Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent or to prove that the written act was modified by a subsequent and valid oral agreement.

4

From the outset of litigation, Dennis contended that although he was out of the country working at the time the documents were executed in 2006 for the purchase of the 8.62 tract in Glenmora, he was assured by Debra that the property was in both their names. He testified that he actually saw documentation which listed both Dennis and Debra as owners of the property. He had no idea that his name was not on the Glenmora deed as an owner until after the petition for divorce was filed, and his attorney advised him to check with the clerk of court.

The circumstances surrounding the "replacement deed," considered by the trial court, include the following: 1) the "replacement deed" only contained Debra's name and the "replacement deed" was filed in 2008, one year after the 2007 purported Act of Exchange between Debra and her sister, and 2) both the filing of the "replacement deed" in 2008 and the Act of Exchange in 2007 occurred during the marriage. Thus, the trial court correctly interpreted the provisions of La.Civ.Code art. 1848, in allowing parol evidence to "negate or vary" the contents of the 2008 "replacement deed" to the tract in Glenmora. In the testimony of both Debra and Dennis, it is undisputed that Dennis supplied the funds to purchase the 8.62 tract in Glenmora, and we affirm the trial court's ruling finding that the 8.62 tract in Glenmora was not Debra's separate property.

The second piece of property in the Act of Exchange was admitted into evidence via a certified copy of a Cash Sale between Debra and her sister, Anita Guillory, for $1,000.00. The trial court found that Debra had also failed to carry her burden of proof to demonstrate this tract was separate property due to irregularities in the document. The irregularities included, (1) an incomplete date, "Be It Known, That on this 6th day of 2006 A.D," and the fact that the community property regime began on July 4, 2006; (2) the survey of the attached legal

5

description of the tract was dated January 17, 2007, during the community regime; and (3) the cash sale was not recorded until March 23, 2007, also during the community regime. Based on the foregoing, we find the facts support the trial court's conclusion that Debra failed to carry her burden of proof to demonstrate that the tract she acquired from her sister, Anita, truly was her separate property, and we affirm the trial court's ruling on this part of the Act of Exchange.

The third tract of land included in the Act of Exchange was not raised as an assignment of error. However, Debra correctly asserts that that the property involved in the April 6, 2001 Act of Donation from her former husband Paul D. Miller was Debra's separate property. In its Reasons, the trial court found that Debra did not place documentation into evidence of the value of this particular tract of her separate property at the time of the July 7, 2007 Act of Exchange, and, therefore, no credit was given to Debra for the value of this portion of her separate property used to acquire the community home.

At the time of the Act of Donation in 2001, the property donated to Debra was valued in the Act of Donation at $10,000.00. However, the Act of Exchange took place some six years later. Although we find that the property acquired from her ex-husband was determined to be Debra's separate property, the trial court was correct that Debra did not meet her burden of proof as to the value of her separate property used in the Act of Exchange. We, likewise affirm the ruling of the trial court on this last portion of the Act of Exchange. *See Talbot*, 864 So.2d 590.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment in its entirety. All costs of this appeal are assessed against Debra Perkins Smith.

**AFFIRMED.**

6

This opinion is **not designated for publication**.  Uniform Rules—Courts of Appeal, Rule 2–16.3.