# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-705


MASON WAYNE MORRIS

VERSUS

JASMINE SHARELL MORRIS


**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NUMBER 278,631
## HONORABLE DAVID M. WILLIAMS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHARON DARVILLE WILSON
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.


**AFFIRMED.**

**Michael H. Davis**
**LAW OFFICE OF MICHAEL H. DAVIS**
**2017 MacArthur Drive**
**Building 4, Suite "A"**
**Alexandria, Louisiana  71301**
**(318) 445-3621**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Mason Wayne Morris**

**Kenneth A. Doggett, Jr.**
**DOGGETT LAW FIRM**
**1100 Martin Luther King Drive**
**Alexandria, Louisiana  71301**
**(318) 487-4251**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Jasmine Sharell Morris**

**WILSON, Judge.**

Jasmine Sharell Morris (Jasmine) appeals the dismissal of her petition for child custody and petition to modify custody based on the trial court's finding that the Circuit Court for the County of DeKalb, State of Alabama, has jurisdiction over the custody dispute. Mason Wayne Morris (Mason) answered the appeal, asking that this court amend the trial court's ruling to grant his exceptions of res judicata and lack of subject matter jurisdiction. For the following reasons, we affirm.

## I.

## ISSUES

Jasmine asserts that the trial court erred in granting Mason's motion to dismiss pursuant to La.R.S. 13:1818 because there were no "simultaneous proceedings" in Louisiana and Alabama at the time she filed her petition for child custody in the Ninth Judicial District Court of Louisiana. She further asserts that "Alabama did not have jurisdiction that substantially conformed with the [Uniform Child Custody Jurisdiction and Enforcement Act,] UCCJEA."

## II.

## STANDARD OF REVIEW

"An appellate court reviews a trial court's ruling on a motion to dismiss under an abuse of discretion and manifest error standard of review." *Jones v. Cisneros*, 20-582, p. 3 (La.App. 4 Cir. 4/7/21), 315 So.3d 959, 962. In the present case, if the trial court finds that there are simultaneous proceedings in two states, dismissal may be required by statue. La.R.S. 13:1818. "When a trial court interprets and applies state statutes, any error that is made would fall under the *de novo* standard of review." *Young v. Young*, 06-77, p. 8 (La.App. 3 Cir. 5/31/06), 931 So.2d 541, 547.

# III.

## FACTS AND PROCEDURAL HISTORY

Madeline Morris was born on April 20, 2020, in Louisiana. Her parents, Mason and Jasmine, were not married at the time of Madeline's birth and did not live together. Mason and Jasmine married on March 23, 2021, in Fort Polk (now Fort Johnson), Louisiana. After Madeline's birth, Mason was deployed to Texas for nine months and to Kuwait and Qatar for seven months in 2021.

The parties lived together on base after they married, but Mason alleges that he maintained his domicile in DeKalb County, Alabama, while he was in the military. Mason and Jasmine separated on April 28, 2023. Prior to the separation, Madeline had been enrolled in daycare in Alabama for weeks at a time beginning in July of 2020. Mason left the military in April of 2023 and returned to Alabama.

Jasmine alleges that on May 28, 2023, she brought Madeline to meet Mason's mother, Stacey Vaughn, at a halfway point between Alabama and Louisiana with the agreement that Madeline would be returned to Jasmine in August. Mason allegedly refused to return Madeline and filed a complaint for divorce in the circuit court of DeKalb County, Alabama, on August 2, 2023. Jasmine filed a motion to dismiss the Alabama case for lack of subject matter jurisdiction. That motion came for hearing on August 25, 2023, and was denied by judgment signed on August 25, 2023, by Judge Andrew Hairston (Judge Hairston). A custody hearing was set for December 12, 2023.

Jasmine had an overnight visit with Madeline after the August 25, 2023 hearing, with the understanding that she would return Madeline to Mason's custody the next day. Instead, she took the child and returned to Louisiana. Jasmine did not appeal the denial of her motion to dismiss and did not participate in the custody hearing, which proceeded as scheduled on December 12, 2023.

2

By judgment signed December 13, 2023, Judge Hairston granted a divorce from Jasmine and sole legal and physical custody of Madeline to Mason. The judgment also set out a visitation schedule and ordered Jasmine to pay child support in the amount of $693.00 per month. On December 20, 2023, Mason filed a petition seeking to have the Alabama judgment made executory in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. In response, Jasmine filed an opposition and a petition for custody. She alleged that the Alabama court lacked subject matter jurisdiction because Madeline never resided in Alabama for six months or longer and that she had not been served with notice of the December 12, 2023 court date. Mason then filed a peremptory exception of res judicata, an exception of lack of subject matter jurisdiction, and a motion to dismiss Jasmine's petition for custody. The motion to dismiss alleged that there were simultaneous proceedings in DeKalb County, Alabama.

Mason's exceptions and motion to dismiss, as well as Jasmine's motion to compel discovery responses, came for hearing on August 27, 2024. On September 9, 2024, the trial court signed a judgment finding that the Alabama court had subject matter jurisdiction and dismissing both Jasmine's petition for custody and her petition to modify custody.[1] The judgment stated that Judge David Michael Williams (Judge Williams) of the Ninth Judicial District Court, State of Louisiana, and Judge Hairston had conferred in accordance with La.R.S. 13:1818 and concurred that DeKalb County, State of Alabama, has subject matter jurisdiction over Madeline's custody. The judgment went on to deny Mason's exceptions of res judicata and lack of subject matter jurisdiction as moot but noted that said objections

---

[1] On July 23, 2024, Jasmine filed a "Motion to Modify Custody in the Event Louisiana Recognizes the Alabama Judgment."

3

may be re-urged at the hearing on Mason's petition to have the Alabama judgment made executory.

Jasmine appealed. Mason answered the appeal and asked this court to amend the judgment to grant his exceptions of res judicata and lack of subject matter jurisdiction.

A hearing on Mason's petition to make the Alabama judgment executory was held on September 12, 2024. The transcript of that hearing is contained in the record of this appeal. The trial court took the matter under advisement. It is unknown whether the trial court has issued a ruling on that issue, and that matter is not before this court in the present appeal.

## IV.

## LAW AND DISCUSSION

*Motion to Dismiss*

Louisiana Revised Statutes 13:1818 provides, in part, as follows:

A. Except as otherwise provided in R.S. 13:1816, a court of this state may not exercise its jurisdiction under this Subpart if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this Act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under R.S. 13:1819.

B. Except as otherwise provided in R.S. 13:1816, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to R.S. 13:1821. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this Act, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this Act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

4

Louisiana Revised Statutes 13:1816 deals with temporary emergency jurisdiction and is not applicable to this case.

Jasmine argues that there were no "simultaneous proceedings" because the Alabama court issued a final decree on December 12, 2023, concluding the custody case. She also argues that Alabama did not have jurisdiction that substantially confirmed with the UCCJEA. Her arguments ignore several key facts. First, Jasmine excepted to the jurisdiction of the Alabama court in the Alabama proceedings. When the Alabama court denied her exception, Jasmine did not file an appeal. However, she had forty-two days from the entry of the judgment on December 13, 2024, to do so. That means that on December 22, 2024, when she filed her petition for custody (along with her opposition to Mason's petition to make the judgment executory), the Alabama judgment was not yet final. Furthermore, since Alabama was the first state to make a determination concerning Madeline's custody, it has continuing, exclusive jurisdiction. Ala.Code 1975 § 30-3B-102 and 202. "Judgments awarding custody and support are always subject to modification and are thus never final." *Pierre v. Pierre*, 23-470, p. 11 (La.App. 5 Cir. 2/21/24), 383 So.3d 1028, 1037, *writ denied*, 24-366 (La. 4/30/24), 383 So.3d 931. These facts lead this court to the conclusion that there are simultaneous proceedings under La.R.S. 13:1818 such that the dismissal of Jasmine's petition for custody and petition to modify custody is required by statute.

Second, we cannot simply ignore the fact that Alabama issued an initial custody decree without any objection or appeal by Jasmine. The UCCJEA imposes jurisdictional limitations geared toward furthering its stated purposes, which include "1) avoiding jurisdictional competition among the states; and 2) promoting resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information regarding the case." *Daigle v. Daigle*,

5

21-339, p. 5 (La.App. 5 Cir. 2/23/22), 336 So.3d 616, 619–20. At times, these jurisdictional limitations "require a court that has general subject matter jurisdiction to decline to exercise it." *Stelluto v. Stelluto*, 05-74, p. 8 (La. 6/29/05), 914 So.2d 34, 39. "Under the express terms of the UCCJEA, Louisiana does not have subject matter jurisdiction over a **custody** issue if another state has rendered a child custody determination." *In re D.C.M.*, 13-85, p. 8 (La.App. 1 Cir. 6/11/13), 170 So.3d 165, 170, *writ denied*, 13-1669 (La. 7/17/13), 118 So.3d 1102.

As required by the UCCJEA and La.R.S. 13:1818(B), the Louisiana District Court Judge conferred with the Alabama District Court Judge, and together they concluded that Alabama had subject matter jurisdiction over Madeline's custody. Judge Williams put the details of his conference with Judge Hairston on the record, stating: "the first thing that he explained to me is that there was a jurisdictional challenge already made on behalf of . . . [Jasmine] in which she hired an attorney in Alabama. They both showed up, appeared, and contested jurisdiction." Judge Williams noted that he reviewed the transcripts of the testimony heard by Judge Hairston. Judge Williams stated that they both agreed that jurisdiction would be more proper and should remain in Alabama. At the end of the August 27, 2024 hearing, Judge Williams reiterated:

> this Court believes that jurisdiction is more proper in Alabama because
> . . . that Court heard evidence on jurisdiction. Ms. Morris was present.
> She presented evidence. He had an opportunity . . . to review the
> witnesses to see their demeanor and to do whatever calculations on time
> and make his decision on modicums of truth[] and veracity[.]

Thus, we conclude that the Alabama court has exclusive, continuing jurisdiction over Madeline's custody and has not ceded that jurisdiction or determined that Louisiana would be a more convenient forum. *See* La.R.S. 13:1815 and Ala.Code 1975 § 30-3B-202.

Third, neither Jasmine nor her new attorney made any attempt to get the December 12, 2024 hearing continued or to appeal the judgment once it was rendered. Jasmine cannot appeal an Alabama judgment in a Louisiana court, which is essentially what she seeks to do. The Louisiana court can modify Alabama's initial custody determination only if the conditions set forth in La.R.S. 13:1815 are met. Again, we note that after conferencing, the Alabama court did not cede jurisdiction, and the Louisiana court agreed that jurisdiction should remain in the Alabama court.

For these reasons, we conclude that the Louisiana court did not err when it dismissed Jasmine's petitions for custody and for modification of custody based on simultaneous proceedings in the Alabama court, which had exclusive, continuing jurisdiction over Madeline's custody.

*Answer to Appeal*

In his answer to Jasmine's appeal, Mason asks this court to grant his exceptions of res judicata and lack of subject matter jurisdiction that were denied as moot by the trial court. The judgment that is the subject of this appeal specifically states that Mason may re-urge these exceptions at the hearing on his petition to make the Alabama judgment executory. That statement creates a bit of a procedural quagmire. Mason cannot except to his own petition; he can only except to the petition for custody and motion to modify custody filed by Jasmine.

However, once the trial judge dismissed those petitions pursuant to La.R.S. 13:1818, Mason's exceptions were moot. "A case is 'moot' when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect." *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193. Granting Mason's exceptions of res judicata and lack of subject matter jurisdiction would have no practical effect

7

because the petition and motion were already dismissed.  Therefore, we decline to grant those exceptions in this appeal.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the dismissal of the petition for custody and the motion to modify custody filed on behalf of Jasmine Sharell Morris.  Costs of this appeal are assessed to Appellant, Jasmine Sharell Morris.

**AFFIRMED.**